ASA F. MILLER, APPELLANT, *v.* THE NATIONAL STEAM-SHIP COMPANY, RESPONDENT.

APPEAL from a judgment of the Special Term, dismissing the complaint.

This appeal is taken from a judgment dismissing the complaint with costs. The bill of exceptions states that at the trial the plaintiff applied for and had leave " to amend his complaint by striking out such matters as might be inconsistent with such amendment, and by inserting instead thereof allegations that the defendant and the National Steam Navigation Company were separate and dis-

tinct corporations; and that the defendant accepted the National Steam Navigation Company's property with distinct agreement to pay the last mentioned company's debts and liabilities." The answer of the defendant was then " so amended as to set up a general denial of these allegations." The plaintiff gave evidence to show that his assignor, on the 23d day of June, 1868, recovered a judgment in the Superior Court of the city of New York against the National Steam Navigation Company for $3,289.05, damages and costs, on which execution had been duly issued and returned unsatisfied. The judgment roll showed that the recovery was for an injury to the intestate of plaintiff's assignor, which caused the death of such intestate, and that such injury was produced by the wrongful act and negligence of the National Steam Navigation Company in the navigation of the ship Pennsylvania, *on the 24th day of October*, 1867, at which time it was alleged the said ship belonged to that company. It showed also that the Navigation Company appeared and by its answer admitted its own incorporation, and that a collision occurred at the time mentioned between the ship Pennsylvania and the boat on which the intestate was injured ; but put in issue the ownership of the Pennsylvania and all other allegations of the complaint. The plaintiff then gave evidence tending to show that the defendant in this action was incorporated under the laws of Great Britain, on the 1st day of July, 1867, by the name of " The Steamship Company limited," and that on the 8th day of August, 1867, its name was changed to " The National Steamship Company limited." That the National Steam Navigation Company, preparatory to a dissolution of that corporation, transferred all its property to two liquidators, under the provisions of the act of parliament, known as " the companies act, 1862," and that said liquidators transferred all of said property to the corporation now sued, on the 16th day of August, 1867, and on that day the Navigation Company ceased to do business, and commenced to wind up its affairs ; that such transfer was made substantially upon the agreement and condition that The National Steamship Company should take and accept such real and personal property subject to the rights and equities therein subsisting, and in particular to the discharge of the several liabilities appearing in the books, papers and documents of the Navigation Company, and to all other

liabilities of the last named company, to which the said real and personal property was then subject, and would bear, pay and discharge in due course the several liabilities disclosed in said books, papers and documents aforesaid, and all other debts, if any, of the National Steam Navigation Company, and would devote and apply the real and personal property, so to be made over to them, for that purpose. The General Term was of opinion that, as the liability to the plaintiff's assignor for an injury which occurred to her intestate on the 24th of October, 1867, could not appear in the books, papers and documents of the Steamship Navigation Company on the sixteenth of August preceding, nor be then a debt or liability of that company which was or could be assumed by the present defendant; and as, when the injury occurred, the National Steamship Company was the owner of the steamship Pennsylvania, engaged in its navigation, and the alleged wrongful act and negligence were its own, and not those of the corporation which was sued, neither on sound law nor logic could it be held that by the agreement made on the transfer of the property, defendant bound itself to pay its liabilities that might thereafter spring out of the wrongful acts and negligence of its own servants; nor did the agreement contemplate or provide for liabilities of that kind which might be asserted by actions improperly brought against the company, which had ceased to do business, and was existing only in the process of winding up its affairs; and that therefore the complaint was properly dismissed, and that the judgment should be affirmed, with costs.

*Albert Cardozo* and *Henry Morrison,* for the appellant.

*John Chetwood,* for the respondent.

Opinion by DAVIS, P. J.

DANIELS, J., concurred.

Judgment affirmed, with costs.